**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

Christine Copeman

    Plaintiff

v.                                                          Civil Action No.

Cellco Partnership, Inc.
d/b/a Verizon Wireless, Inc

                                                         Complaint

                                                         and;

                                                         Demand for Jury Trial

    Defendant

**COMPLAINT**

NOW COMES Plaintiff, Christine Copeman**,** (hereafter the "Plaintiff") by and through undersigned Counsel, whom through this complaint against the Defendants alleges the following:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs, and Attorneys' fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

**JURISIDICTION AND VENUE**

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. 1692k(d), and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because the Defendant in this matter resides in the state of Texas as defined under 28 U.S.C. §1391. Furthermore, Defendant maintains multiple offices in Texas and provides services to thousands of customers in the Eastern District of Texas. Additionally, the dispute letter at the center of this litigation was processed in Allen, Texas which is in the Eastern District of Texas.

**PARTIES**

4. Plaintiff is a natural person and citizen of the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3).

5. Defendant, Cellco Partnership, Inc., d/b/a Verizon Wireless, (hereinafter VERIZON WIRELESS), is a data furnisher to Experian and a seller of wireless devices, telecommunications services, and other communication services to the best of Plaintiff's knowledge. Defendant is currently doing business in Texas and has multiple offices located in the Eastern District of Texas.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**PLAINTIFF'S DISPUTES**

7. Plaintiff disputed information regarding VERIZON WIRELESS Acct# 1190 with and through Experian on 06/05/2017.

Plaintiff disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their Experian credit report. VERIZON WIRELESS did not provide a good faith investigation into the disputed account as required by the Fair Credit Reporting Act. It should be noted that Experian uses the terms "Reported Since" and "First Reported" interchangeably on its reports depending on whether they are obtained online or through the mail. Therefore "Reported Since" and "First Reported" will be used interchangeably throughout this Complaint to refer to the same data field in Plaintiff's Experian credit report.

8. The Plaintiff obtained a new credit report on 07/08/2017 displaying the results of their dispute of the VERIZON WIRELESS account. Upon viewing their results, Plaintiff discovered that not only did VERIZON WIRELESS and Experian not correct, modify or delete the disputed information on Plaintiff's Experian Credit Reports, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. The changes for the Plaintiff were as follows:

A) Date of Status Changed from 11/2016 to Jun 2017;
B) First Reported Changed from 11/2016 to May 2017.

VERIZON WIRELESS is changing dates that should not be changed and Experian is allowing VERIZON WIRELESS to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. VERIZON WIRELESS is penalizing Plaintiff for exercising their statutory right to dispute inaccurate information on their credit report. VERIZON WIRELESS is re-aging Plaintiff's VERIZON WIRELESS accounts with every dispute.

9. VERIZON WIRELESS did not provide a good faith investigation into the VERIZON WIRELESS Acct# 1190.

10. VERIZON WIRELESS is re-aging Plaintiff's account by changing their Date of Status date, as well as, the First Reported dates. Experian is allowing VERIZON WIRELESS to re-age the Date of Status date, as well as, the First Reported date.

11. VERIZON WIRELESS is providing credit information that they know or should know is inaccurate and misleading.

12. The Date of Status date on the Plaintiff's credit report should reflect the date when the accounts went uncollectible.

13. The Date First Reported is the first time an account is reported with EXPERIAN, that date should never change.

14. VERIZON WIRELESS is falsely and misleadingly reporting the character and/or legal status of these alleged debts by re-aging the accounts.

15. The Date of Status date should be the day the debt was deemed uncollectable. VERIZON WIRELESS changes those dates to re-age the accounts and Experian allows VERIZON WIRELESS to re-age the accounts by changing the Date of Status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's Experian credit report could reasonably interpret the "Date of Status" entry to mean exactly that.")

16. Re-aging accounts by changing the Date of Status dates are misleading. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex.

2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

17. VERIZON WIRELESS also changed the Date "First Reported" and Experian allowed VERIZON WIRELESS to change the Date First Reported. There is only one First Reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor.)

18. Plaintiff's Verizon Wireless account is not only inaccurate but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions."

19. VERIZON WIRELESS did not conduct a good faith and reasonable investigation and did not delete or correct the false information but instead re-aged the dates on the accounts and Experian continues to report the inaccurate information.

20. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information was

furnished by VERIZON WIRELESS and reported by Experian, misrepresenting the payment history and/or status of Plaintiff's accounts.

21. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by VERIZON WIRELESS and reported by Experian damaged Plaintiff's credit rating.

22. As a result of the conduct of VERIZON WIRELESS, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendant, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### CAUSES OF ACTION

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. This suit is based upon the Defendant's violation of the Fair Credit Reporting Act. All causes of action were causes of the damages which Plaintiff has suffered.

### *Count I: Fair Credit Reporting Act*

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. This suit is brought against the Defendant as the damages made the basis of this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendant did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>
> > (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> >
> > (2) such amount of punitive damages as the court may allow; and
> >
> > (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> > (1) any actual damages sustained by the consumer as a result of the failure; and
> >
> > (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

29.     Plaintiff disputed information regarding VERIZON WIRELESS Acct# 1190 with and through Experian, on the following dates on 06/05/2017;

Plaintiff disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their Experian credit reports. VERIZON WIRELESS and EXPERIAN did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.

30.     The Plaintiff obtained a new credit report on 07/08/2017 displaying the results of their dispute of the VERIZON WIRELESS account.

31.     The Plaintiff received their results on the date listed above in the immediately preceding paragraph and Experian not only failed to correct, modify or delete the disputed information on Plaintiff's Experian Credit Report, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. The changes for the Plaintiff were as follows:

PLAINTIFF     A)     Date of Status Changed from 11/2016 to Jun 2017;
              B)     First Reported Changed from 11/2016 to May 2017.

VERIZON WIRELESS is changing dates that should not be changed and Experian is allowing VERIZON WIRELESS to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. VERIZON WIRELESS is penalizing Plaintiff for exercising their statutory right to dispute inaccurate information on their credit report. VERIZON WIRELESS is re-aging Plaintiff's VERIZON WIRELESS account with every dispute.

32.     The date of status date should be the day the debt was deemed uncollectable. VERIZON WIRELESS changes those dates to re-age the accounts and Experian allows VERIZON WIRELESS to re-age the accounts by changing the date of status dates. *Please*

*see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's Experian credit report could reasonably interpret the "Date of status" entry to mean exactly that.")

33. Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

34. VERIZON WIRELESS also changed the Date "First Reported" and Experian allowed VERIZON WIRELESS to change the Date First Reported. There is only one first reported date. *Please see Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to Experian. Experian should know this date.); *Please also see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor.)

35. The re-aging and manipulating of the dates artificially lowered Plaintiff's credit scores more than if the accounts were being reported accurately, as well as, making the accounts seem more recently delinquent than they really are to potential creditors, causing them damage.

36. VERIZON WIRELESS violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's notice of dispute and failing to delete or

correct the inaccurate information. After receiving a dispute notice from Experian, VERIZON WIRELESS did not conduct a complete, accurate or reasonable investigation into the disputed issue. VERIZON WIRELESS did not give a good faith and reasonable investigation into the inaccurate information that was disputed by Plaintiff. VERIZON WIRELESS should have discovered that the information they are providing the Credit Bureaus was not accurate. VERIZON WIRELESS is re-aging the account of Plaintiff to a date that is more recent than legally accurate. For VERIZON WIRELESS to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with Experian, Experian then contacts VERIZON WIRELESS regarding the dispute and VERIZON WIRELESS should conduct a good faith and reasonable "investigation" as well and then provides Experian with corrected credit data or delete the trade line. The credit data that VERIZON WIRELESS is providing Experian is false, misleading and inaccurate and if VERIZON WIRELESS would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

37. Plaintiff disputed information regarding VERIZON WIRELESS Acct# 1190 with and through EXPERIAN, on 06/05/2017.

Plaintiff disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their Experian credit reports. VERIZON WIRELESS did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.

38. The Plaintiff obtained a new credit report on 07/08/2017 displaying the results of their dispute of the VERIZON WIRELESS account.

39. The Plaintiff received their results on the date listed above in the immediately preceding paragraph and not only did VERIZON WIRELESS not correct, modify or delete the disputed information on Plaintiff's Experian Credit Report, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's disputes. The changes for the Plaintiff were as follows:

  A) Date of Status Changed from 11/2016 to Jun 2017;
  B) First Reported Changed from 11/2016 to May 2017.

VERIZON WIRELESS is changing dates that should not be changed and Experian is allowing VERIZON WIRELESS to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. VERIZON WIRELESS is penalizing Plaintiff for exercising their statutory right to dispute inaccurate information on their credit reports. VERIZON WIRELESS is re-aging Plaintiff's VERIZON WIRELESS account with every dispute.

40. The date of status date should be the day the debt was deemed uncollectable. VERIZON WIRELESS changes those dates to re-age the account and Experian allows VERIZON WIRELESS to re-age the account by changing the date of status dates. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's Experian credit report could reasonably interpret the "Date of status" entry to mean exactly that.")

41. Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

11

42. VERIZON WIRELESS should have discovered the misleading information they were reporting if they would have provided a good faith reasonable investigation. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's Experian credit reports contained a "Date of status" that a reasonable jury could find misleading, and Experian "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.'" *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

43. VERIZON WIRELESS also changed the Date "First Reported" and Experian allowed VERIZON WIRELESS to change the Date First Reported. There is only one first reported date. *Please see Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to Experian. Experian should know this date.); *Please also see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor.)

44. If VERIZON WIRELESS would have done a reasonable and good faith investigation into Plaintiff's dispute of their account, they would have discovered that they, Verizon Wireless, was changing dates that should not be changed and providing the bureaus with inaccurate data. The re-aging and manipulating of the dates artificially lowered Plaintiff's credit scores more than if the accounts were being reported accurately as well as making the accounts seem more recently delinquent than they really are to potential creditors, causing Plaintiff damage.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information:

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
(i) modify that item of information
(ii) delete that item of information
(iii) permanently block the reporting of that item of information

45. Experian is allowing VERIZON WIRELESS to re-age both the "Date of Status" and "First Reported" dates to reflect more recent dates than legally accurate.

46. Plaintiff disputed information regarding VERIZON WIRELESS Acct# 1190 with and through Experian, on 06/05/2017.

Plaintiff disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their Experian credit report. VERIZON

WIRELESS and Experian did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.

47. Plaintiff obtained their new credit report on 07/08/2017 displaying the results of their dispute of the VERIZON WIRELESS account.

48. The Plaintiff received their results on the date listed above in the immediately preceding paragraph and not only did VERIZON WIRELESS not correct, modify or delete the disputed information on Plaintiff's Experian Credit Reports, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. The changes for the Plaintiff were as follows:

> A) Date of Status Changed from 11/2016 to Jun 2017;
> B) First Reported Changed from 11/2016 to May 2017.

VERIZON WIRELESS is changing dates that should not be changed and Experian is allowing VERIZON WIRELESS to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. VERIZON WIRELESS is penalizing Plaintiff for exercising their statutory right to dispute inaccurate information on their credit reports. VERIZON WIRELESS is re-aging Plaintiff' VERIZON WIRELESS accounts with every dispute.

49. The date of status date should be the day the debt was deemed uncollectable. VERIZON WIRELESS changes those dates to re-age the account and Experian allows VERIZON WIRELESS to re-age the account by changing the date of status dates. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's Experian credit report could reasonably interpret the "Date of Status" entry to mean exactly that.")

50. Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

51. VERIZON WIRELESS also changed the Date "First Reported" and EXPERIAN allowed VERIZON WIRELESS to change the Date First Reported. There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

*Fifth Circuit Standard of Inaccuracy*

52. The Fifth Circuit has ruled directly on what can make a credit entry inaccurate. The Fifth Circuit standard of an inaccurate credit entry is that it can be "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions". It is interesting to note that the Fifth Circuit standard is that if it "can" adversely affect credit decisions, not that it did adversely affect credit decisions. *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895-96 (5th Cir. 1988) (A credit entry may be "inaccurate" within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions".); please also see Saunders v. Branch

Banking & Tr. Co. Of VA, 526 F.3d 142, 148–49 (4th Cir. 2008) (Of particular relevance here, in *Dalton* we addressed the duty of a CRA to report accurately pursuant to § 1681e. 257 F.3d at 415. We held that a report "is inaccurate" not only "when it is 'patently incorrect'" but also "when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." *Id.* (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir.1998)). Thus, we held that a consumer report that contains technically accurate information may be deemed "inaccurate" if the statement is presented in such a way that it creates a misleading impression. *See id.* at 415–16. The Fifth Circuit reached a similar conclusion, affirming a jury verdict finding a CRA's report inaccurate when the report described an account as "[l]itigation [p]ending," because the report omitted the fact that the consumer, as opposed to the creditor/furnisher, had *149 brought suit. *See Pinner v. Schmidt,* 805 F.2d 1258, 1262–63 (5th Cir.1986).)).

53. The conduct of VERIZON WIRELESS was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

54. As a result of Defendant's conduct, Plaintiff has suffered emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

55. As a result of Defendant's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

56. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

57. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**DEMAND FOR JURY TRIAL**

58. Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff' favor and damages against VERIZON WIRELESS, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1681

(b) Statutory damages pursuant to 15 U.S.C. §1681

(c) Punitive damages pursuant to 15 U.S.C. §1681

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

(e) Such other and further relief as may be necessary, just and proper.

Dated: July 8, 2019

Respectfully submitted,

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC

2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
dennismccartylaw@gmail.com
Telephone: 817-704-3375
Fax (817) 887-5069

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 318-412-2777